NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESUS RODRIGUEZ, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1347

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5348, Chief Judge Margaret C. Bartley, Judge Michael P. Allen, Judge Scott Laurer.

---

Decided: November 13, 2024

---

JESUS RODRIGUEZ, JR., San Antonio, TX, pro se.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before DYK, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Jesus Rodriguez, Jr., seeks to receive earlier effective dates for grants of service connection for post-traumatic stress disorder (PTSD) and bilateral hearing loss, to reopen other previously denied claims for service connection, and to receive service connection for residuals of a fractured right toe. The Board of Veterans' Appeals (Board) denied those claims, and the United States Court of Appeals for Veterans Claims (Veterans Court) affirmed. *Rodriguez v. McDonough*, No. 22-5348, 2023 WL 4285967, at *1 (Vet. App. June 30, 2023) (*Decision*). Mr. Rodriguez moved for the full court to review that decision, and the Veterans Court denied that motion. *Rodriguez v. McDonough*, No. 22-5348, 2023 WL 7011736, at *1 (Vet. App. Oct. 25, 2023). Mr. Rodriguez appeals pro se. For the following reasons, we *affirm-in-part* and *dismiss-in-part*.

I.

Mr. Rodriguez served in the U.S. Marine Corps from March 1969 to March 1973 and from February 1981 to February 1984. *Decision*, 2023 WL 4285967, at *1.

Between 2009 and 2012, Mr. Rodriguez filed claims for service connection for hearing loss, lumbar spine strain, left leg radiculopathy, diabetes, cataracts, and PTSD. *Id.* The regional office granted Mr. Rodriguez service connection for hearing loss but denied the remaining claims. *Id.*

In 2017, Mr. Rodriguez sought to reopen the previously denied claims for service connection and to seek service connection for residuals of a fractured right middle toe. *Id.* After a series of examinations conducted in April 2017, the regional office granted service connection for PTSD, increased his hearing loss evaluation, denied service connection for residuals of a fractured middle toe, and declined to reopen the previously denied claims for service

connection. *Id.* In its decision, the regional office noted that it received service records for Mr. Rodriguez in March 2017. *Id.*

Mr. Rodriguez appealed the regional office's decision. *Id.* at *2. After an appeal to the Board, an appeal to the Veterans Court, and a remand to the Board, the case again came before the Veterans Court, which affirmed. *Id.* at *2, *7.

The Veterans Court noted that even under a liberal construction of his brief, Mr. Rodriguez failed to explain how the Board erred. *See id.* at *3, *5–7. Nonetheless, the Veterans Court carefully examined the Board's decision and found only one error—a failure to consider whether Mr. Rodriguez's service records required reconsideration, under 38 C.F.R. § 3.156(c), of the denial of service connection for PTSD in 2013. *Id.* at *4. But the Veterans Court found that this error was not prejudicial because the regional office denied service connection for PTSD in 2013 due to a lack of a confirmed diagnosis at that time, and "service records spanning 1969 to 1973 and 1981 to 1984 could not provide evidence of a current [PTSD] diagnosis in 2013." *Id.*

Mr. Rodriguez moved for the full court to review the single-judge decision, and the Veterans Court denied that motion. *Rodriguez*, 2023 WL 7011736, at *1. Mr. Rodriguez then appealed to us.

## II.

Our "jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, however, we lack the jurisdiction to "review (A) a challenge to a factual

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Consistent with his briefing before the Veterans Court, Mr. Rodriguez fails to explain—even under a liberal construction of his brief—why he believes the Veterans Court erred. The government parsed through Mr. Rodriguez's brief to ferret out what arguments he may have attempted to make. We lack jurisdiction to hear most of those arguments, and we affirm the remaining issue.

In his informal brief, Mr. Rodriguez indicated that he believes the Veterans Court erred in deciding the validity or interpretation of a statute or a regulation. He appears to raise three arguments.

First, Mr. Rodriguez refers to *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990), which the Veterans Court cited as support for its determination that single-judge disposition was appropriate for Mr. Rodriguez's case. *See Decision*, 2023 WL 4285967, at *2. *Frankel* is not a statute or regulation, so this argument fails to identify an error that the Veterans Court made in deciding the validity or interpretation of a statue or regulation. To the extent Mr. Rodriguez challenges the validity of single-judge dispositions, the Veterans Court "may hear cases by judges sitting alone or in panels, as determined pursuant to procedures established by the [Veterans] Court." 38 U.S.C. § 7254. Here, the Veterans Court determined that this case could be decided by a single judge, and we lack jurisdiction to review that application of the law to the facts of this case, 38 U.S.C. § 7292(d)(2).

Second, Mr. Rodriguez mentions 38 C.F.R. § 3.307 and the presumption of soundness—likely referring to 38 C.F.R. § 3.304(b), which is titled presumption of soundness. Neither of those regulations was discussed by the Veterans Court. Mr. Rodriguez therefore cannot be challenging the Veterans Court's interpretation of those

regulations, and he provides no argument as to why those regulations are invalid.

Third, Mr. Rodriguez identifies 38 U.S.C. § 7261. The Veterans Court cited this statute for the proposition that even though the Board erred in failing to reconsider Mr. Rodriguez's newly associated service records, that error was harmless because those service records could not provide evidence of a PTSD diagnosis in 2013.[1] *See Decision*, 2023 WL 4285967, at *4. The Veterans Court did not interpret this statute; it merely applied it to the facts of this case to find that there was no prejudicial error. And Mr. Rodriguez does not argue that the statute is invalid.

Mr. Rodriguez also contends that the Veterans Court erred in deciding constitutional issues. He asserts that the Veterans Court "erred in concluding" that the *Decision* "did not involve an Article III of the U.S. Constitution case and controversy theory." Appellant's Informal Br. 2 (emphasis omitted) (citing 38 U.S.C. § 1110). It is not clear what Mr. Rodriguez means by this argument as the Veterans Court did not discuss either Article III or 38 U.S.C. § 1110. As we have recognized in a different one of Mr. Rodriguez's cases, "appellants [forfeit] any arguments that they do not adequately develop." *Rodriguez v. McDonough*, No. 22-2081, 2022 WL 16828738, at *3 (Fed. Cir. Nov. 9, 2022) (per curiam) (nonprecedential) (citing *Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021)).

---

[1] The Veterans Court mistakenly cited 38 U.S.C. § 7261(c)(2), and Mr. Rodriguez appears to have copied that citation. The correct citation for the prejudicial error rule is 38 U.S.C. § 7261(b)(2).

Because Mr. Rodriguez failed to adequately develop these arguments, they are forfeited.[2]

Mr. Rodriguez next indicated in his informal brief that the Veterans Court failed to correctly decide two other issues.

First, he appears to assert that the Veterans Court misinterpreted *Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021), and failed to follow *Hart v. Mansfield*, 21 Vet. App. 505 (2007). The Veterans Court quoted portions of these cases for the propositions that an error can be harmless and that the service records were not necessary to determine the present level of disability. *See Decision*, 2023 WL 4285967, at *4–5. We discern no error in the Veterans Court applying the teachings of those cases to Mr. Rodriguez's appeal. We therefore affirm on this issue.

Second, Mr. Rodriguez cites 38 C.F.R. § 3.102. That regulation requires reasonable doubt to be resolved in favor of the claimant, so Mr. Rodriguez presumably argues that the Veterans Court should have resolved in his favor any reasonable doubt about whether his service records from 1969 to 1973 and 1981 to 1984 were relevant to determining if he had a current PTSD diagnosis in 2013. Mr. Rodriguez fails to explain why decades-old documents could provide evidence about Mr. Rodriguez's current medical condition. We lack jurisdiction to review the Veterans Court's factual finding that there was no reasonable doubt in this case. 38 U.S.C. § 7292(d)(2).

Mr. Rodriguez's last argument is that the Veterans Court's order denying full court review constituted a Racketeer Influenced and Corrupt Organization Act (RICO) conspiracy. Mr. Rodriguez fails to support this

---

[2]    To the extent Mr. Rodriguez is arguing that either the Board or the Veterans Court refused to consider his appeal, we note that they did address his appeal.

claim.   In any event, we cannot hear it because "RICO violations do not fall within our limited jurisdiction." *Fromal v. Carrico*, 25 F. App'x 851, at \*1 (Fed. Cir. 2001).

## III.

We have considered Mr. Rodriguez's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm-in-part* and *dismiss-in-part*.

## AFFIRMED-IN-PART AND DISMISSED-IN-PART

COSTS

No costs.